EASTERN DIST.
*February*, 1838.

NORWOOD
*vs.*
WADDELL ET AL.

The first pur-
chaser, by per-
mitting the for-
mer owner to
remain in pos-
session, and giv-
ing no public
notice of his
claim, thereby
gives him power
to alienate as the
true owner.

---

## NORWOOD *vs.* WADDELL ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE
PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

Usury necessarily involves a loan, or forbearance of payment; money given
for the loan of money. An obligation to be tainted with usury, must in
its inception be based upon a loan of money above the legal rate of
interest.

The sale or giving in payment of a note, at a greater discount than the
interest allowed by law, is not usurious or illegal, as between the holder
and endorsers, when it is transferred by delivery without endorsement.

This is an action by the holder against the maker and
endorser of the following promissory note :

" CLINTON, APRIL 29th, 1836.

" $1500. On the first day of January next, I promise to
pay to John Waddell, or order, the sum of one thousand five

EASTERN DIST.
February, 1838.
─────────
NORWOOD
vs.
WADDELL ET AL.

hundred dollars, negotiable and payable at the office of discount and deposit, of the Union Bank of Louisiana, at Clinton, for value received, waiving the usual bank notice.

" CHARLES WATSON."

*Endorsed,* " John Waddell, W. F. Flynn, George C. Comstock, Parmele & Cooly."

When this note became due, it was duly protested for non-payment.

The endorsers severally denied their liability, and Waddell averred that the note was signed by Watson, and endorsed to enable him (Watson) to pay for certain property purchased from one D. Casals, and was endorsed without any of the endorsers being the owners or holders thereof, but on joint account as the sureties of the drawer; that the note was transferred to the plaintiff by said Casals at a great discount, and above ten per cent. per annum; and that he is not entitled to recover a greater amount than he gave, to wit : one thousand dollars.   He further avers, that he can only be made liable for his *virile* portion as joint surety.   He also propounds interrogatories to the plaintiff, and alleges usury, etc.

In answer to interrogatories, the plaintiff says he gave more than one thousand dollars for the note ; he believes it was about one thousand three hundred dollars ; and that he understood the endorsers endorsed the note as sureties for Watson, to enable him to pay Casals for certain property ; but that he did not understand they were co-sureties ; he considered each one liable to him for the whole.

On these issues and evidence, judgment was rendered in favor of the plaintiff for the whole amount of the note, and the defendants appealed.

*T. L. Andrews,* for the plaintiff.

1. There was no loan of money ; the note sued on was made for merchandise, sold by Domingo Casals to Watson.

2. Casals sold the note to plaintiff, who became the purchaser, and who looked not to Casals, but to the

maker and endorsers of the note for payment. *Chitty*  <span>EASTERN DIST.</span>
*on Bills*, page 76. *3 Louisiana Reports*, 393.  7 *Peters'*  <span>*February*, 1838.</span>
*Reports*, 102.

<span>NORWOOD</span>
<span>*vs.*</span>
<span>WADDELL ET AL.</span>

3. The Spanish laws upon which the former decisions of
this court were made, are repealed. *Millaudon* vs. *Arnaud*,
4 *Louisiana Reports*, 542.

*Muse*, for defendant.

1. The plaintiff purchased the note on which the suit is
based, at a usurious discount. See his answers to the inter-
rogatories propounded to him by the defendants.

2. He can only recover of the defendants the amount
which he gave for the note, without interest, and his demand
must be reduced to that amount. *Hermann* vs. *Sprigg.*
3 *Martin, N. S.*, 190.

*Carleton, J.*, delivered the opinion of the court.

The defendants being sued as the endorsers of a promissory
note for one thousand five hundred dollars, set up for defence,
that it was obtained for an usurious consideration.

The facts of the case are disclosed in the answers of one of
the defendants, to interrogatories propounded by the plaintiff.
It appears that the note was drawn by Charles Watson, who,
after endorsement, gave it in payment for certain property, to
one Casals, who assigned it, without his own endorsement,
to the plaintiff, for one thousand three hundred dollars.

The court rendered judgment against the defendants *in
solido*, for the entire amount of the note, and they appealed.

There was a bill of exceptions taken at the trial, which we
do not think ourselves called upon to notice, as it has not
been insisted upon by counsel.

Usury necessarily involves a loan, or forbearance of pay-
ment; money given for the use of money. Such is the
history of its origin, and so it is regarded by the legislatures
and courts of most countries. An obligation, to be tainted
by usury, must, in its inception, be based upon a loan of
money above the legal rate of interest.

<span>Usury neces-
sarily involves a
loan, or forbear-
ance of pay-
ment; money
given for the
loan of money.
An obligation to
be tainted with
usury, must in
its inception be
based upon a
loan of money
above the legal
rate of interest.
The sale or
giving in pay-
ment of a note,
at a greater dis-</span>

count than the interest allowed by law, is not usurious or illegal, as between the holder and the endorsers, when it is transferred by delivery without endorsement.

The note in question was executed to enable the drawer to purchase certain articles of property, and was by him given in payment. The seller of the property transferred the note by delivery to the plaintiff, for two hundred dollars less than the amount borne on its face; it was sold as a commodity in market, for a price which the seller and the buyer mutually agreed upon. The contract does not appear to us to possess any of the attributes of usury, and we think the judgment of the court below, correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.